UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TEXAS CONTRACT CARPET, INC.   *   CIVIL ACTION

VERSUS                        *   NO: 09-6695

ECHELON CONSTRUCTION          *   SECTION: "D"(3)
SERVICES, L.L.C., ET AL

## ORDER AND REASONS

Before the court is the **"Motion for Partial Summary Judgment" (Doc. No. 24)** filed by Defendant, Travelers Casualty and Surety Company (Travelers). Plaintiff, Texas Contract Carpet, Inc. (TCC), opposes the motion. The motion, set for hearing on Wednesday, May 19, 2010, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that motion should be denied.

Echelon Construction Services, L.L.C. had a general construction contract with Chenier Property Partners, L.L.C. to build the Chenier Apartment and Shops, located in Mandeville, Louisiana. In connection with this construction contract, Echelon (as Principal) and Travelers (as Surety) executed a Payment Bond for $30,011,467.00, and Echelon subcontracted TCC to provide labor

and furnish certain materials.

Under its Subcontract with Echelon, TCC was required to provide Echelon with the following on the first of each month:

> a **sworn statement on the form attached hereto as Exhibit D**, itemizing the work done during the preceding month, **together with the lien waivers on the form attached as Exhibit E**, executed by Subcontractor [TCC] and all suppliers, materialmen and/or sub-subcontractors who have provided material and/or labor during the preceding month. **The sworn statement, when checked and approved by Contractor [Echelon], will be paid within fifteen (15) days after receipt of payment from Owner [Chenier Property Partners, LLC]**, provided that progress of the work and payments for labor used and material purchased by Subcontractor have been satisfactory and provided that Contractor may, at its option, retain 10% (or the percentage specified in the Contract Documents) of each estimate until final payment.

(*See* Subcontract, attached as Exhibit A to Hardwick Affidavit, Doc. No. 28-1, emphasis added).[1]

The lien waiver referenced in Exhibit E of the Subcontract provide in pertinent part:

> 2. **In consideration of the sum of $[sum], the receipt of which is hereby acknowledged,** the undersigned, on behalf of itself, its heirs, successors and assigns, does hereby release and discharge Contractor and Owner, and their respective successors, assigns and

---

[1] Travis Hardwick is the Vice President of TCC. (Doc. No. 28-1 at ¶2).

> sureties from all claims and demands for labor and work performed and materials, supplies and equipment furnished under or by virtue of the Subcontract or extra work or change orders related thereto, through [date].
>
> . . .
>
> 4. **Subcontractor makes this Waiver and Release on Progress Payment for the express purpose of inducing the Contractor to make the Payment under the Subcontract to the Subcontractor and for the Owner of the Project to make an interim disbursement to the Contractor in connection with such payment to Subcontractor.** Subcontractor intends that the Owner (and its construction lender, surety and title insurer) shall rely on the statements set forth herein and confirms that this Waiver and Release on Progress Payment is made for their benefit as well as for the benefit of Contractor.
>
> . . .
>
> Certification Date: [date]
> **(Date of most recent invoice or progress payment request)**

(*See* Subcontract, Exhibit E, "Waiver and Release on Progress Payment").

TCC (through its Vice President, Travis Hardwick) provided Echelon with sworn, itemized invoices (pursuant to Exhibit D of Subcontract) and executed lien waiver forms (pursuant to Exhibit E of the Subcontract) for the work and materials TCC provided on the

Chenier project. (Hardwick Affidavit at ¶¶16-25). The itemized invoices include the attestation that "current payment shown herein is now due," and the "Amount Due This Billing" correlates to the amount of consideration set forth in the accompanying "Waiver and Release on Progress Payment."

In its motion, Travelers argues that the lien waivers executed by TCC and submitted to Echelon as part of TCC's payment applications: (1) release Travelers from the claims and demands now made by TCC for $348,750.46,[2] and (2) equitably estop TCC from asserting its claims against Travelers. However, when the court considers the lien waivers in context with the Subcontract and TCC's payment applications (which included TCC's invoices in addition to the lien waivers), the court finds (as a matter of law) that the lien waivers are ambiguous as to whether or not TCC had already been paid (for the amounts now at issue) when it submitted the lien waivers to Echelon, and whether or not the releases contained in the lien waivers were conditioned on TCC actually receiving payment.[3] In short, the terms of the waivers (as set forth above) are "susceptible to more than one interpretation" and

---

[2] According to Hardwick, Echelon paid TCC on eight of its payment applications, but Echelon has not paid TCC for its last three payment applications in which TCC seeks a total payment of $348,750.46. (Hardwick Affidavit at ¶¶16-25).

[3] Under Louisiana law, the interpretation of a contract and the determination of ambiguities are questions of law. *Sims v. Mulhearn Funeral Home,* Inc., 956 So.2d 583, 590 (La. 2007); *Weaber v. CCA Industries, Inc.*, 529 F.3d335, 339 (5th Cir. 2008); *Gebreyesus v. F.C. Schaffer & Ass., Inc.*, 204 F.3d 639, 642 (5th Cir. 2000).

4

"the intent of the parties cannot be ascertained from the language employed." *Gebreyesus v. F.C. Schaffer & Ass., Inc.*, 204 F.3d 639, 643 (5th Cir. 2000).

Accordingly;

**IT IS ORDERED** that Travelers' **"Motion for Partial Summary Judgment" (Doc. No. 24)** be and is hereby **DENIED.**

New Orleans, Louisiana, this **27th** day of **May**, **2010**.

                                                    _____
                                                         A.J. McNAMARA
                                                    UNITED STATES DISTRICT JUDGE